UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DR. JOHANNES MARKUS SIEBER and MINA MARGARETA SIEBER SCHNEITER | CIVIL ACTION |
| VERSUS | NO. 17-13024 |
| DELTA AIR LINES, INC., *et al.* | SECTION: M (4) |

## ORDER & REASONS

Before the Court is a motion for security for costs filed by defendants Delta Air Lines, Inc. and Katherine Weems ("Weems") (collectively, the "Delta Defendants"),[1] to which plaintiffs Dr. Johannes Markus Sieber ("Sieber") and Mina Margareta Sieber Schneiter ("Schneiter") (collectively, "Plaintiffs") respond in opposition.[2] Having considered the parties' memoranda and the applicable law, the Court issues this Order & Reasons.

On November 21, 2017, Plaintiffs filed this action against the Delta Defendants, Jefferson Parish Sheriff Joseph P. Lopinto III, Jefferson Parish Sheriff's Deputy Jesse Steer ("Steer"), and Jefferson Parish Sheriff's Deputy Erroll Harris ("Harris") (collectively, the "JPSO Defendants") alleging breach of contract and civil rights claims arising out of an incident that occurred onboard a Delta airplane.[3] Plaintiffs, who are both in their seventies, are citizens of Switzerland.[4] In 2016, they came to the United States for an extended vacation.[5] On November 21, 2016, Plaintiffs boarded a Delta flight in New Orleans that was destined for New York City.[6] Plaintiffs allege that

---

[1] R. Doc. 48.
[2] R. Docs. 49 & 53.
[3] R. Doc. 1.
[4] *Id.* at 2 & 7.
[5] *Id.* at 7.
[6] *Id.*

they were removed from the airplane when Weems summoned law enforcement after small packets fell from the overhead bin into which Seiber was stowing luggage.[7] Plaintiffs further allege that Steer pressed Sieber's head against the wall from behind while Harris handcuffed him.[8] Seiber was detained for two hours in a metal cage at the airport.[9] Then he was transported to the Jefferson Parish jail where he spent sixteen hours, and was charged with "striking a flight attendant with luggage," "refusing to de-board the plane after being told by fight members," and "resisting officers."[10] Sieber posted bond and flew to New York on American Airlines after Delta told him he was banned for life.[11] Months later, the Jefferson Parish District Attorney refused the charges.[12]

The Delta Defendants filed the instant motion seeking an order requiring Plaintiffs to post a bond or other security in the amount of $50,000 to secure payment of the Delta Defendants' costs, attorney's fees, and expert witness fees that may be awarded in the Delta Defendants' favor.[13] The Delta Defendants dispute Plaintiffs' factual allegations and contend that they are likely to prevail on the merits, which would entitle them to an award of litigation costs under 28 U.S.C. § 1920, and attorney's and expert witness fees under 42 U.S.C. § 1988(b)-(c).[14] Further, the Delta Defendants argue that setting a bond is appropriate because Plaintiffs are Swiss nationals who do not have any attachable assets in the United States.[15] Plaintiffs oppose the motion arguing that expert witness fees are not recoverable costs, and it is premature to consider any award of

---

[7] *Id.* at 7-10.
[8] *Id.* at 10.
[9] *Id.* at 10-11.
[10] *Id.* at 11.
[11] *Id.* at 12.
[12] *Id.* at 11-12.
[13] R. Doc. 48-1 at 3-4.
[14] *Id.* at 2-3.
[15] *Id.* at 3.

attorney's fees to the Delta Defendants, because they would have to be adjudged the "prevailing party" in order to recover those amounts.[16]

The Fifth Circuit has stated that "[a]s a procedural matter, security for costs is a proper subject for regulation by local rules promulgated under Fed. R. Civ. P. 83." *Ehm v. Amtrak Bd. of Directors*, 780 F.2d 516, 517 (5th Cir. 1986). Local Rule 54.4 provides that "[i]n any civil matter, the court, on motion or its own initiative, may order any party to file a bond or additional security for costs in such an amount and subject to conditions designated by the court." "Even in the absence of a local rule, however, a district court has inherent power to require security for costs when warranted by the circumstances of the case." *Ehm*, 780 F.2d at 517. In determining whether to require security for costs, courts should consider "the probability of plaintiff's success on the merits, the background and purpose of the suit, and the reasonableness of amount of the posted security viewed from the perspective of both plaintiff and defendant." *Id.* Other courts also consider the non-movants financial condition and ability to pay, whether the non-movant is a non-resident, the extent and scope of discovery, the expected legal costs, and the non-movant's non-compliance with prior court orders. *N'Jai v. New York State Higher Educ. Servs. Corp.*, 214 F.R.D. 251, 251-52 (E.D.N.Y. 2003) (citing *Selletti v. Carey*, 173 F.R.D. 96, 100-01 (S.D.N.Y. 1997), *aff'd*, 173 F.3d 104 (2d Cir. 1999)).

Section 1920 provides that a judge or clerk of court may tax the following items as costs:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

---

[16] R. Doc. 49 at 5-12.

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. This list of taxable costs does not include fees for expert witnesses hired by the parties. *See id.* Even courts that have ordered a foreign national plaintiff to post security for costs have been careful to assess the reasonableness of the § 1920 costs likely to be borne by the defendants, and the defendants have made a showing of such costs. *See, e.g., Pirito v. Penn Eng'g World Holdings*, 833 F. Supp. 2d 455, 478-79 (E.D. Pa. 2011) (ordering $20,000 in security of $244,000 requested); *S.R. Galves Participacao, Importacao & Exportacao Ltda v. Nat. Source Int'l, Ltd.*, 2007 WL 1484465, at *1-3 (S.D.N.Y. May 21, 2007) (reviewing defendants' detailed showing of recoverable costs and reducing the requested amount of the security).

Sections 1988 provides that the prevailing party in a civil rights action may recover reasonable attorney's fees and expert witness fees. 42 U.S.C. § 1988(b)-(c). However, "prevailing defendants are entitled to attorney's fees 'only upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation or that the plaintiff continued to litigate after it clearly became so.'" *Cantu Servs., Inc. v. Frazier*, 682 F. App'x 339, 342 (5th Cir. 2017) (quoting *Mylett v. Jeane*, 910 F.2d 296, 299 (5th Cir. 1990)). Frivolousness is determined by considering "whether the plaintiff 'established a *prima facie* case, whether the defendant offered to settle, and whether the court dismissed the case or held a full trial.'" *Id.* (quoting *Walker v. City of Bogalusa*, 168 F.3d 237, 240 (5th Cir. 1999); *United States v. Mississippi*, 921 F.2d 604, 609 (5th Cir. 1991)). Understandably, at least one court has expressed "reservations about trying to handicap the lawsuit at this stage, where little more than the initial pleadings have been submitted." *Evans v. Yum Brands, Inc.*, 326 F. Supp. 2d 214, 224 (D.N.H. 2004).

Considering the facts and circumstances of this case, the Court exercises its discretion under Local Rule 54.4 to set a bond of $1,000. Plaintiffs are foreign nationals, who the Delta Defendants argue have no attachable assets in the United States. Plaintiffs do not dispute that assertion. However, if Plaintiffs can show that they do have attachable assets in the United States, they can move for reconsideration of the bond. Further, the burden for the Delta Defendants to recover attorney's and expert witness fees under § 1988 is high, and they have made no effort to meet it, so a determination of the Delta Defendants' entitlement to such an award is premature. On the other hand, ordinary costs are a necessary feature of litigation. However, if the Delta Defendants believe that the $1,000 bond is too low to secure reasonable § 1920 costs they may incur, they can move the Court to reassess the amount of the bond.

Accordingly,

**IT IS ORDERED** that the Delta Defendants' motion for security for costs (R. Doc. 48) is GRANTED, and Plaintiffs shall deposit $1,000 into this Court's registry as security for costs within thirty (30) days of the date of this Order & Reasons.

New Orleans, Louisiana, this 1st day of February, 2019.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE