UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DR. JOHANNES MARKUS SIEBER and MINA MARGARETA SIEBER SCHNEITER | * | CIVIL ACTION |
| | * | NO: 2:17-cv-13024 |
| VERSUS | | |
| | * | JUDGE FALLON |
| DELTA AIR LINES, INC., DELTA FLIGHT AGENT KATERINE WEEMS, DELTA HEAD FLIGHT AGENT JANE DOE, THE JEFFERSON PARISH SHERIFF JOSEPH P. LOPINTO, III, SHERIFF'S DEPUTY JESSE STEER AND SHERIFF'S DEPUTY HARRIS | * | MAG. JUDGE ROBY |

\* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF DELTA AIR LINES, INC.'S MOTION TO COMPEL PLAINTIFFS' DEPOSITIONS

Defendant, Delta Air Lines, Inc. ("Delta"), submits this Memorandum in Support of its Motion to Compel Plaintiffs' Depositions.

## INTRODUCTION

This action arises out of an alleged incident that occurred aboard Delta Flight 696 before its departure from the Louis Armstrong New Orleans International Airport on November 21, 2016. In the current iteration of their pleadings, Plaintiffs, Dr. Johannes Markus Sieber and Mina Margareta Sieber Schneiter (collectively "Plaintiffs"), assert breach of contract claims and 4th Amendment 42 U.S.C. § 1983 claims against the Delta Defendants based on allegations that Delta's employees conspired with Jefferson Parish Sheriff's Deputies to have Dr. Sieber arrested and unlawfully detained. *See* Plaintiffs' Second Amended Complaint [R. Doc. 80]. The Delta

Defendants, and the Sheriff Defendants, deny any liability to Plaintiffs and dispute the fanciful factual allegations in their pleadings.[1]

On December 6, 2018, the Court issued a Scheduling Order setting various pre-trial deadlines in this case. *See* Scheduling Order [R. Doc. 47]. Of particular importance to the instant Motion, the Scheduling Order provides that "All pretrial motions, including dispositive motions and motions *in limine* regarding the admissibility of expert testimony, shall be filed and served **in sufficient time to permit hearing thereon** no later than October 10, 2019." *See id.* at pg. 2 (emphasis added). Pursuant to Local Rule 7.2, the actual deadline for filing any dispositive and *Daubert* motions in this case is September 25, 2019. Given the amount of discovery that needs to be completed in advance of that deadline, and the importance of Plaintiffs' testimony to the merits-related issues in this case, counsel for defendants began requesting available dates for Plaintiffs' depositions back in early February.

On February 12, 2019, counsel for the Sheriff Defendants sent an email to Plaintiffs' counsel discussing the deficiencies in Plaintiffs' written discovery responses and requesting "several dates when you can produce your clients for depositions in the near future." *See* Exhibit A, Email From Counsel for Sheriff Defendants Dated 2/12/19. Plaintiffs' counsel ignored that request completely.

On March 25, 2019, counsel for the Delta Defendants sent another email to Plaintiffs' counsel requesting "some dates in April and May for the depositions of Dr. Sieber and Mrs. Sieber in New Orleans." *See* Exhibit B, Email From Counsel for Delta Defendants Dated 3/25/19. Plaintiffs' counsel actually responded to that email but not with the requested deposition dates. *See* Exhibit C, Email From Counsel for Plaintiffs Dated 3/25/2019. Instead,

---

[1] Additionally, the Delta Defendants asserted a claim under 42 U.S.C. § 1988(b)-(c) for all attorney's fees and expert fees incurred to defend against Dr. Sieber's frivolous 28 U.S.C. § 1920 claim.

Plaintiffs' counsel proposed that the Plaintiffs' depositions be conducted outside New Orleans because "the thought of returning to New Orleans" could cause the Plaintiffs emotional distress. *See id.* Plaintiffs' counsel suggested Gulfport, Mississippi as an alternative location for the Plaintiffs' depositions and advised that he would "have to consider a motion" on the issue if the defendants were unwilling to travel. *See id.* In a phone call soon thereafter, Plaintiffs' counsel advised that he would report back after researching the issue.

After another week went by with no response, on April 4, 2019, undersigned counsel for Delta again requested the Plaintiffs' available deposition dates over the next few months. *See* Exhibit D, Email From Counsel for Delta Defendants Dated 4/4/2019. Plaintiffs' counsel responded to that email with accusations that Delta was somehow delaying discovery and by requesting that Delta tender its own witnesses for depositions "at the same time as the Plaintiffs in New Orleans." *See* Exhibit E, Email from Counsel for Plaintiffs Dated 4/4/2019. Notably, however, Plaintiffs' counsel again failed to provide any specific dates on which their clients could be deposed. *See id.* Later that afternoon, undersigned counsel received a call from Plaintiffs' counsel who advised that he would attempt to get in touch with his clients to obtain deposition dates but doing so may take a few days because they are retired and travel frequently. Plaintiffs' counsel followed up that call with an email to undersigned counsel stating that "[O]nce I am able to reach Dr. and Mrs. Sieber, I will get back with you to more specifically discuss deposition dates. I presume that this will be in the next few days." *See* Exhibit F, Second Email From Counsel for Plaintiffs Dated 4/4/2019.

After several more days passed with no update, on April 8, 2019, undersigned counsel sent another email to Plaintiffs' counsel requesting Plaintiffs' deposition availabilities. *See* Exhibit G, Email From Counsel for Delta Defendants Dated 4/8/2019. Late that afternoon,

3

Plaintiffs' counsel called undersigned counsel and advised that his clients are now wholly refusing to submit to depositions in New Orleans. Despite previously requesting that Plaintiffs' depositions be conducted in Gulfport, Mississippi, Plaintiffs' counsel represented that Mrs. Sieber has a heart condition that prevents her from flying on an airplane. Plaintiffs' counsel also claimed that Dr. Sieber cannot fly to New Orleans for his deposition because he is Mrs. Sieber's "primary caregiver." Lastly, Plaintiffs' counsel advised that his co-counsel had already researched federal case law addressing similar circumstances, which supports their clients' refusal to travel to the forum where they chose to file suit for depositions.

On April 9, 2019, Plaintiffs' counsel spoke again with undersigned counsel over the phone and reaffirmed Plaintiffs' position that neither of them would voluntarily travel to the United States for depositions in this case. Interestingly, during that call, Plaintiffs' counsel accused Delta's employees of lying about the facts surrounding the incident and threatening to pursue perjury charges against those individuals after the conclusion of this case. Since that conversation, Plaintiffs' counsel has bombarded undersigned counsel with numerous emails demanding that Delta voluntarily provide citations to case law supporting its request that the Plaintiffs be deposed in New Orleans and produce documents that have already been requested in recently-issued written discovery.

In sum, after months of delaying and refusing to respond to numerous requests for their deposition availabilities, Plaintiffs have still not provided the defendants with their deposition availabilities, and are now refusing to submit to a deposition in New Orleans entirely. As discussed below, these circumstances justify the granting of this Motion to Compel and issuance of the Order requested below.

## LAW & ARGUMENT

Federal Rule of Civil Procedure 26 establishes the permissible scope of discovery in this case and provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense …" *See* FED. R. CIV. P. 26(b)(1). Rule 30 addresses depositions by oral examination and states that "[a] party may, by oral questions, depose any person, including a party, without leave of court," except under certain circumstances not present in the case at bar. *See* FED. R. CIV. P. 30(a)(1). Although Rule 30 does not state with particularity where a party's depositions must take place, numerous federal courts have interpreted its language and a jurisprudential rule on this issue.

This Court, as well as most every other district court across the country, has recognized that "[a]s a general rule, a plaintiff will be required to make himself available for examination in the forum in which suit was brought." *Birkland v. Courtyards Guest House*, 2011 WL 4738649, at *2 (E.D. La. Oct. 7, 2011) (Roby, J.). To that end, "absent a specific showing of hardship tied to an individual's circumstances, a general order requiring that the deposition of an out-of-town plaintiff be taken telephonically is not warranted." *Id.* The logic behind this rule is well known: "The ability to observe a party as he or she answers deposition questions is an important aspect of discovery which the Court will not modify except in cases of extreme hardship." *Id.*; *see also In re Outsidewall Tire Litig.*, 2010 WL 1849035, at *3 (E.D. Va. May 4, 2010) ("[The] courts ordinarily presume that a plaintiff may be deposed in the judicial district where the action was brought, inasmuch as the plaintiff, in selecting the forum, has effectively consented to participation in legal proceedings there. This presumption is not irrebuttable, but to overcome it, a foreign plaintiff must persuasively demonstrate that requiring him to travel to the forum district

5

for his deposition would, for physical or financial reasons, be practically impossible, or that it would be otherwise fundamentally unfair.").

The following subsections address the merits of this Motion as it pertains to the defendants' requests for Dr. Sieber's deposition and Mrs. Sieber's deposition.

**I.    M<small>OTION TO</small> C<small>OMPEL</small> D<small>R.</small> S<small>IEBER'S</small> D<small>EPOSITION</small>**

Dr. Sieber has no legitimate reason his refusal to submit to a deposition in New Orleans. The fact that his wife may, or may not, have some medical condition that prevents her from flying on an airplane is no justification for Dr. Sieber's refusal to appear for a deposition in the forum. Accepting this rationale as a sufficient exception to the general rule that plaintiffs must make themselves available for depositions in the place where they chose to file suit would require defendants to travel to take a non-forum plaintiff's deposition in every case involving a plaintiff with a family member who is ill.

Additionally, Plaintiffs' counsel have no legitimate reason for their refusal to respond to defendants' requests for dates on which Dr. Sieber is available for a deposition. Defendants need to depose Dr. Sieber to learn the specific details and facts supporting the allegations in his pleadings and to conduct further discovery regarding those facts and allegations before the dispositive motion deadline. Plaintiffs' counsel's apparent efforts to delay such a critical deposition from taking place is an abuse of the discovery process and may ultimately impede defendants' ability to complete discovery, designate experts, and otherwise prepare for trial. Given that less than six months remain until the Scheduling Order's deadline for filing dispositive motions, defendants should be allowed to take Dr. Sieber's deposition as soon as possible. Accordingly, Delta requests that the Court issue an Order compelling Dr. Sieber to appear for a deposition in New Orleans on a date to be determined by the Court.

## II. MOTION TO COMPEL MRS. SIEBER'S DEPOSITION

Mrs. Sieber's refusal to appear in New Orleans for her deposition is less straightforward. Both the facts of this case and the circumstances surrounding the correspondence discussed above raise serious questions regarding the legitimacy of Mrs. Sieber's claim that she is medically prohibited from flying on an airplane. Mrs. Sieber indisputably had no medical problem that precluded her from flying to the United States less than three years ago when the incident occurred. Moreover, Mrs. Sieber's supposed medical condition is the second different reason Plaintiffs' counsel has given to defendants in an effort to avoid having Plaintiffs' depositions take place in New Orleans. After providing defendants the first reason—the supposed emotional distress Plaintiffs will sustain by having to fly into the New Orleans airport—Plaintiffs' counsel advised that he would conduct some research and "consider a motion" on the issue of deposition location. At that time, Plaintiffs' counsel requested that defendants agree to depose Mrs. Sieber and her husband in Gulfport, Mississippi, which would require the same trans-Atlantic flight as a deposition in New Orleans. Plaintiffs' counsel has also cited Plaintiffs' busy travel schedule as a reason for the months of delays in providing defendants Plaintiffs' available deposition dates. If Mrs. Sieber is medically fit to get onto a plane to take a vacation, there is no reason defendants should have to travel to depose her outside her chosen forum.

Given these and other questions regarding the legitimacy of Plaintiffs' counsel's recent claim that Mrs. Sieber is medically unfit to fly to New Orleans, the Court should issue an Order compelling Mrs. Sieber to produce to defendants and the Court within seven (7) days: (i) a complete and certified copy of all medical records from the past five (5) years reflecting her treatment with the specific doctor(s) that supposedly told her she is medically unfit to fly on an

airplane, (ii) a sworn declaration or affidavit signed by said doctor stating with particularity the specific medical condition that precludes her from traveling on an airplane and the date on which that condition was first diagnosed, (iii) a copy of the medical degree and medical license of said doctor(s), and (iv) a list of every flight she has taken between the November 21, 2016 incident in this case and the present. Each of these categories of documents is needed to assess the legitimacy of Mrs. Siebers' alleged medical condition and its affect, or lack thereof, on her ability to travel to New Orleans. *See Rifkin v. U.S. Lines Co.*, 177 F. Supp. 875 (S.D. N.Y. 1959) (deeming an affidavit by plaintiff's attorney and an unsworn statement by her physician indicating that plaintiff was unable to travel due to her infirmities insufficient to vacate defendant's notice to take her deposition in the forum); *see also Birkland v. Courtyards Guest House*, CIV.A. 11-0349, 2011 WL 4738649, at *2 (E.D. La. Oct. 7, 2011) ("[A]bsent a specific showing of hardship tied to an individual's circumstances, a general order requiring that the deposition of an out-of-town plaintiff be taken telephonically is not warranted.").

Lastly, Delta respectfully submits that the Court should not delay the ordering of Dr. Sieber's deposition during the time it takes Mrs. Sieber to produce the above-requested documents, or the time it takes the Court and parties to review those documents and assess the legitimacy of Mrs. Sieber's alleged inability to fly on an airplane. Dr. Sieber's testimony is critically important in this case and will likely provide the only support for Plaintiffs' allegations and claims. As such, Delta requests the ability to depose Dr. Sieber as soon as practicable without any further delays.

## **CONCLUSION**

For each of the foregoing reasons, the Court should grant Delta's Motion to Compel Plaintiffs' Depositions and enter an Order granting the relief requested above.

Respectfully submitted,

*/s/ Bradley J. Schwab*
KENNETH H. LABORDE (No. 8067)
BRADLEY J. SCHWAB (No. 35312)
GIEGER, LABORDE & LAPEROUSE, LLC
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139
Telephone: (504) 561-0400
Facsimile: (504) 561-1011
Email: klaborde@glllaw.com
bschwab@glllaw.com
ATTORNEYS FOR DELTA AIR LINES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been forwarded to all counsel of record via the Court's electronic case filing system on April 12, 2019.

*/s/ Bradley J. Schwab*
BRADLEY J. SCHWAB