UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHANNES MARKUS SIEBER ET AL. | CIVIL ACTION |
| VERSUS | NO. 17-13024 |
| DELTA AIR LINES, INC. ET AL. | SECTION "M" (2) |

## ORDER AND REASONS ON MOTION

Defendants' Motion to Set Attorney's Fees, Record Doc. No. 97, is before me. The instant motion was filed in compliance with my predecessor's previous order granting defendants' motion to compel and awarding sanctions. Record Doc. Nos. 68, 91. Plaintiffs filed a timely opposition memorandum. Record Doc. No. 106.

It is the obligation of the court to make its own independent evaluation of the reasonableness of awardable attorney's fees. See In Re: High Sulfur Content Gasoline Prods. Liab. Litig., 517 F.3d 220, 227 (5th Cir. 2008). In this case, defendants have requested an award of $1,260.00 in attorney's fees incurred in bringing the motion to compel, based on nine (9) hours of work at the rate of $140 per hour. Record Doc. Nos. 68, 97. Determination of reasonable attorney's fees is a two-step process that begins with determination of the "lodestar" amount.

> A lodestar is calculated by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work. After making this calculation, the district court may decrease or enhance the lodestar based on the relative weights of the twelve factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717–19 (5th Cir. 1974).

Heidtman v. County of El Paso, 171 F.3d 1038, 1043 (5th Cir. 1999) (citing City of Burlington v. Dague, 505 U.S. 557, 562 (1992); Shipes v. Trinity Indus., 987 F.2d 311, 319–20 (5th Cir. 1993)). The Johnson factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases.

Johnson, 488 F.2d at 717–19. However, the Supreme Court has "barred any use of the sixth factor," whether the fee is fixed or contingent. Walker v. United States Dep't of Housing & Urban Dev., 99 F.3d 761, 772 (5th Cir. 1996) (citing City of Burlington, 505 U.S. at 567). An attorney's requested hourly rate is prima facie reasonable when he requests that the lodestar be computed at his customary billing rate, the rate is within the range of prevailing market rates, and the rate is not contested. Louisiana Power & Light Co. v. Kellstrom, 50 F.3d 319, 329 (5th Cir. 1995).

I have reviewed defense attorney Daniel Martiny's affidavit and the attached time report, Record Doc. Nos. 97-3, 97-4, submitted in support of this motion. The time report reflects services rendered in the instant matter between March 4 and March 31, 2019. Record Doc. No. 97-4. Some billing entries comprise work performed on defendants' motion to compel and others relate to other tasks performed in relation to the case as whole. Id.

Plaintiffs' opposition memorandum argues that defendants' time report provides insufficient detail to distinguish which hours were spent on the motion to compel and which hours were spent on other tasks related to this case. Record Doc. No. 106 at pp. 2–3. Plaintiffs also contend that defendants reached their nine-hour total by exercising billing judgment as to hours worked on this case during the entire month of March 2019, including hours spent on matters unrelated to the motion to compel. Id.

Based on review of the individual billing entries in the time report, I find that defense attorneys Martiny and James Mullaly performed work related to the motion to compel for 26.9 hours, for which they billed the remarkably modest rate of only $140 per hour. However, defense counsel have exercised prudent billing judgment by seeking attorney's fees for only nine (9) hours of work. Record Doc. No. 97-3 at p. 3. Martiny attests that the nine (9) hours comprise the time Martiny and Mullaly spent researching, drafting, filing and preparing for oral argument on the motion to compel, and that they have omitted any time spent researching and drafting their motion for leave to file a reply memorandum, which was denied by this court. Id. I find Martiny's attestation accurate in light of the billing entries for March 11 and 31, 2019, which reflect at least nine (9) hours of work on the specific tasks Martiny cites in support of his time calculation. Record Doc. 97-4. Nothing in the parties' briefing or other materials submitted with the motion persuasively suggests that defense counsel included tasks unrelated to the motion to compel in reaching their final calculation. I find that the attorneys' requested hours were reasonably and necessarily incurred in connection with the motion to compel.

In addition, the requested rate of $140 per hour is well below Martiny and Mullaly's customary hourly rates. Record Doc. No. 97-1 at p. 3 n.1. Both are attorneys with long years of experience and substantial expertise in handling cases of this sort in this court. Their experience and expertise would justify an award at much higher hourly rates for each. See, e.g., Mr. Mudbug, Inc. v. Bloomin' Brands, Inc., 2017 WL 736044, at *2 (E.D. La. Feb. 24, 2017), aff'd, 2017 WL 2274954 (E.D. La. May 25, 2017) (awarding hourly rates of $300 and $240 for attorneys with 17 and 10 years of experience); Warder v. Shaw Grp., Inc., 2016 WL 3447950, at *2–3 (E.D. La. June 23, 2016) (awarding hourly rates of $325 for partner with 14 years of experience, $300 for associate who nonetheless had 20 years of experience in commercial litigation); Hobson v. Abe Dev. LLC, 2016 WL 4592170, at *2 (E.D. La. Sept. 2, 2016) (hourly rates of $250 and $275 in civil rights case to lawyers with "roughly ten years of experience"); Loiacano v. DISA Global Solutions, 2016 WL 2926679, at *2 (E.D. La. May 19, 2016) (denying requested hourly rates of $630 and $435 for partners, and awarding $350 per hour for partners); Offshore Marine Contractors, Inc. v. Palm Energy Offshore, LLC, 2014 WL 5039670, at *8 (E.D. La. Sept. 25, 2014) ($325 and $275 per hour for attorneys with 19 and 7 years of experience). The $140 per hour they seek in this matter is a more than appropriate hourly rate in this legal community for the work performed.

Thus, the lodestar amount is the requested $1,260.00 (9 hours multiplied by the reasonable hourly rate of $140). I find that the lodestar amount is eminently reasonable and requires no adjustment by any of the Johnson factors. Accordingly, **IT IS ORDERED** that

plaintiffs and/or their counsel must pay to defendants, no later than **MAY 29, 2019**, one $1,260.00 payment in reasonable attorney's fees incurred in connection with defendants' motion to compel.

New Orleans, Louisiana, this \_\_\_\_8th\_\_\_\_ day of May, 2019.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE