UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHANNES MARKUS SIEBER ET AL. | CIVIL ACTION |
| VERSUS | NO. 17-13024 |
| DELTA AIR LINES, INC. ET AL. | SECTION "M" (2) |

## ORDER AND REASONS ON MOTIONS

This a breach of contract and 42 U.S.C. § 1983 action that arises from an incident aboard a Delta Air Lines, Inc. ("Delta") flight before its departure from Louis Armstrong New Orleans International Airport. Record Doc. No. 80. Defendant Delta's Motion to Compel Plaintiffs' Depositions, Record Doc. No. 84, is before me. Delta seeks to compel plaintiffs Johannes Markus Sieber and Mina Margareta Sieber Schneiter to appear for in-person depositions in New Orleans, Louisiana, after plaintiffs refused to appear in New Orleans based on Schneiter's medical condition. Delta further requests that the court issue an order compelling Schneiter to produce to defendants certified medical records from the past five years reflecting Schneiter's alleged condition; an affidavit from Schneiter's treating physicians regarding the diagnosis of her alleged condition; copies of the medical degrees and licenses of Schneiter's treating physicians; and a list of every flight Schneiter has taken between the date of the subject incident and the present. Id. Plaintiffs filed a timely opposition memorandum. Record Doc. No. 92. Defendant was permitted to file a reply brief. Record Doc. No. 99.

Plaintiffs' closely related Motion for Protective Order is also before me. Record Doc. No. 104. Plaintiffs seek a protective order to prevent Delta from setting plaintiffs' in-person

depositions in New Orleans. Id. Delta filed a timely opposition memorandum. Record Doc. No. 108.

Having considered all of the submitted materials, the record and the applicable law, IT IS ORDERED that defendant's motion is DENIED, and plaintiffs' motion is GRANTED both subject to the order contained herein.

There is a rebuttable presumption that a plaintiff may be deposed in the judicial district where the action was brought. Frederick v. Intercontinental Hotels Grp. Res., Inc., 2010 WL 11541901, at *3 (E.D. La. July 9, 2010) (citing In re Outsidewall Tire Litig., 2010 WL 1849035, at *3 (E.D. Va. May 4, 2010); 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2112 (West 2010)). To overcome the presumption, "a foreign plaintiff must persuasively demonstrate that requiring him to travel to the forum district for his deposition would, for physical or financial reasons, be practically impossible, or that it would be otherwise fundamentally unfair." In re Outsidewall Tire Litig., 2010 WL 1849035, at *3.

A court may order that a deposition be taken by telephone or other remote means. Fed. R. Civ. P. 30(b)(4). "For purposes of this rule . . . , the deposition takes place where the deponent answers the questions." Id. However, "absent a specific showing of hardship tied to an individual's circumstances" an order requiring that the deposition of an out-of-town plaintiff be taken remotely is not warranted. Birkland v. Courtyards Guest House, 2011 WL 4738649, at *2 (E.D. La. Oct. 7, 2011). In determining whether hardship sufficient to require deposition by remote electronic means exists, courts consider the

party's (1) age; (2) physical condition; (3) finances; and (4) other factors that might result in extreme hardship. Id. at *3.

Plaintiff Sieber submitted an affidavit with his opposition memorandum attesting that he – a physician specializing in internal medicine – and his wife Schneiter are both 76 years old, reside in Switzerland, and that Schneiter has been medically diagnosed with cardiac arrhythmia by her treating physician. Record Doc. No. 92-4. As a physician familiar with cardiac conditions, and as a husband with personal knowledge of the effects of this condition on his wife, Sieber persuasively avers that cardiac arrhythmia is exacerbated by anxiety, stress and fatigue, all of which "would compound the risk level for sudden death in an individual such as my wife," if his wife were to undertake a trans-Atlantic flight to New Orleans for a deposition. Id. at ¶¶ 5–8. Sieber attests that it is not advisable for him to leave his wife for an extended period of time because he is his wife's primary caretaker. Id. at ¶ 10.

I find Dr. Sieber's sworn declaration both persuasive and authoritative and that the additional medical discovery sought by defendant in its motion is unnecessary, bordering on harassment. I further find that the totality of these factors overcomes the presumption that plaintiffs must be deposed in the judicial district where the action was brought, as requested by defendant. The record indicates that the events giving rise to this lawsuit occurred while plaintiffs were briefly visiting New Orleans as tourists. The incident upon which the lawsuit was based occurred in this district. Plaintiffs have no apparent connection to this district, other than the incident sued upon. Some of the principal defendants are

located here. The moving defendant conducts substantial business activities internationally, more elsewhere rather than here. It appears that legal venue concerns rather than any significant connection to or forum preference by plaintiffs for this district are the principal reasons for this lawsuit's situs here. Record Doc. No. 80 at pp. 8–9. Plaintiffs' scant and transitory connection to this district, coupled with their advanced age, residence in Switzerland, Schneiter's heart condition and Sieber's status as primary caretaker of his wife are more than sufficient to establish substantial hardship in requiring either or both plaintiffs to travel to New Orleans for in-person depositions. Considering the totality of the circumstances, Delta's request that plaintiffs be compelled to travel across the Atlantic Ocean for their discovery depositions – when both the applicable Rule and reasonableness provide a more prudent and practical means of conducting this pretrial discovery – is denied.

Sieber states in his affidavit, and plaintiffs reiterate in their motion papers, Record Doc. No. 104-7 at p. 14, that they are willing to participate in either video conference depositions or in-person depositions (if defense counsel wish to be physically present with plaintiffs while deposing them) within a reasonable ground transportation distance from their home in Switzerland. Record Doc. No. 92-4. Plaintiffs have indicated their specific willingness to travel by train to Germany for in-person depositions. Record Doc. No. 104-7 at p. 14. Based on the procedural and legal constraints posed by taking depositions for a United States lawsuit in a foreign country, defendant has delineated one potential method of deposing plaintiffs at the United States consulate in Frankfurt, Germany, and another

- 4 -

method whereby plaintiffs' depositions would be taken in a German court. Record Doc. No. 108 at pp. 5–8.

Accordingly, IT IS ORDERED that plaintiffs' motion is granted in that no later than May 22, 2019, counsel must confer in person or by telephone and in good faith and arrive upon a mutually convenient date, time and location within a reasonable distance from plaintiffs' residence when plaintiffs will be deposed either in person or via video conference, Fed. R. Civ. P. 30(b)(4), in compliance with the relevant laws of the nation in which plaintiffs will be deposed. The depositions must be scheduled as soon as practicable, and no later than June 3, 2019, counsel must provide me with a letter, which I will file in the record, memorializing the arrangements they have made. Trial is not scheduled to commence in this case until December 9, 2019, so that the existing schedule should accommodate any logistical difficulties the parties might encounter. However, if the date on which the depositions are scheduled necessitates a continuance of existing scheduling order deadlines in this matter, an appropriate motion may be filed. Logistical arrangements for the depositions must be jointly made by counsel and all costs split 50/50 between defendants and plaintiffs. Counsel must send me a letter no later than May 29, 2019, setting out the schedule and logistical arrangements agreed upon by the parties, which I will file in the record of this case. Failure to reach an agreement will result in a court order fixing these depositions in a manner that fits the court's trial and pretrial schedule requirements.

New Orleans, Louisiana, this \_\_\_\_9th\_\_\_\_ day of May, 2019.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE