UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHANNES MARKUS SIEBER ET AL. | CIVIL ACTION |
| VERSUS | NO. 17-13024 |
| DELTA AIR LINES, INC. ET AL. | SECTION "M" (2) |

## ORDER AND REASONS ON MOTIONS

This a breach of contract and 42 U.S.C. § 1983 action that arises from an incident aboard a Delta Air Lines, Inc. ("Delta") flight before its departure from Louis Armstrong New Orleans International Airport. Record Doc. No. 80. Plaintiffs' Motion to Compel Mandatory Initial Disclosures from Defendants Delta and Katherine Weems (collectively, "Delta defendants"), Record Doc. No. 88, is before me. Delta Defendants filed a timely opposition memorandum. Record Doc. No. 109. Plaintiffs were permitted to reply. Record Doc. Nos. 117–19. Plaintiffs' Motion to Compel Mandatory Initial Disclosures from Defendants Sheriff Joseph P. Lopinto and Deputies Jesse Steer and Erroll Harris (collectively, "the sheriff defendants") is also before me. Record Doc. No. 89. The sheriff defendants filed a timely opposition memorandum. Record Doc. No. 101. Plaintiffs were permitted to reply. Record Doc. Nos. 111, 113, 114.

The sheriff defendants jointly submitted their initial disclosures to plaintiffs. Record Doc. No. 89-1. Likewise, Delta defendants jointly submitted their initial disclosures to plaintiffs. Record Doc. No. 88-1. Plaintiffs argue in both motions that defendants' initial disclosures are incomplete under Fed. R. Civ. P. 26(a)(1) and request that defendants be compelled to provide full and complete supplemental disclosures certified pursuant to Fed.

R. Civ. P. 26(g). Plaintiffs additionally request an award of attorneys' fees for bringing both motions. Having considered all of the submitted materials, the record and the applicable law, plaintiffs' motions are GRANTED IN PART and DENIED IN PART for the following reasons.

A party must provide initial disclosures to other parties without awaiting a discovery request. Fed. R. Civ. P. 26(a)(1). The required initial disclosures are set out in the four subparts of Rule 26(a)(1)(A). An incomplete disclosure is treated as a failure to disclose and permits any other party to file a motion to compel disclosure. Fed. R. Civ. P. 37(a)(3)(A) and (a)(4). Plaintiffs contend that defendants made incomplete disclosures required by the first and fourth subparts of Rule 26(a)(1)(A). Under the first subpart,

> [A] party must . . . provide to the other parties: the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

Fed. R. Civ. P. 26(a)(1)(A)(I). Under the fourth subpart,

> [A] party must . . . provide to the other parties . . . for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Fed. R. Civ. P. 26(a)(1)(A)(iv).

Defendants' disclosures are incomplete under the first subpart of Rule 26(a)(1)(A). The sheriff defendants' disclosures failed to provide the addresses of two individuals and provided no phone numbers for any of the listed individuals. Record Doc. No. 89-1.

Similarly, Delta defendants failed to provide in their disclosures the addresses of four individuals and provided no phone numbers for any of the listed individuals. Record Doc. No. 88-1. Attorneys are required to sign all disclosures to certify that the disclosures are complete and correct at the time they are made. Fed. R. Civ. P. 26(g). Defendants' failure to provide addresses and phone numbers of the listed individuals or to state that this information is unknown to them assures neither plaintiffs nor this court that their disclosures are complete and correct. For the foregoing reasons, plaintiffs' motions are granted insofar as they seek to compel defendants to supplement and certify their initial disclosures to include the addresses and phone numbers of all listed individuals, if this information is known to defendants. If defendants do not know some or all of these addresses and phone numbers, they must say so in certified disclosures.

Plaintiffs also argue that Delta defendants' disclosures are incomplete under the first subpart Rule 26(a)(1)(A) because they fail to disclose the names and contact information of any of the airline passengers who were potential eyewitnesses of the subject incident. Record Doc. No. 88-2 at p. 1. Delta defendants equivocally and evasively argue that "at this time" they do not intend to call any passengers as witnesses in this matter, and thus they have no obligation to disclose the names and contact information of these individuals. Record Doc. No. 103 at p. 3. However, defendants' argument for non-disclosure does not address the precise requirements of the rule. A disclosing party must disclose the names and, if known, the contact information of individuals that the disclosing party "may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i) (emphasis added). Plaintiffs'

second amended complaint makes a series of allegations about events both involving and occurring in the view of airline passengers on the date of the subject incident. Record Doc. No. 80 at p. 9–12, 15. Delta defendants' answer to plaintiffs' second amended complaint responds with a series of denials as to plaintiffs' version of these events. Record Doc. No. 90 at pp. 8–10, 13. The pleadings in this matter indicate that Delta's passengers may well have information that supports their defenses. Certainly, the Delta defendants have had more than sufficient time since the date of the incident to determine if any of their passengers have information that supports their defenses.

Courts have concluded that airline passenger lists are subject to initial disclosures under Rule 26(a)(1), "subject to a case-specific protective order." <u>Vaughn v. Sw. Airlines Co.</u>, 2010 WL 11617876, at *1 (N.D. Ala. Aug. 5, 2010); <u>see also Nathaniel v. Am. Airlines</u>, 2008 WL 5046848, at *5, *7 (D.V.I. Nov. 20, 2008) (ordered disclosure under Rule 26(a)(1)(A) of defendant airline's passenger manifest accompanied by a protective order so that plaintiff "can obtain the names and addresses of persons who may have witnessed the incident in question, and, at the same time, protect the privacy interests of persons involved is appropriate in this case"); <u>Wallman v. Tower Air, Inc.</u>, 189 F.R.D. 566, 568 (N.D. Cal. 1999) (found adequate justification under Rule 26(a)(1)(A) for compelling production of airline passenger list, subject to protective order). Of course, Delta defendants have no obligation under Rule 26(a)(1)(A)(I) to provide the names and contact information of passengers that have information supporting <u>plaintiffs'</u> claims. Instead, they must disclose only those passengers who may be used to <u>support</u> Delta defendants' own

defenses. See <u>Federal Civil Judicial Procedure and Rules</u> at p. 147, Fed. R. Civ. P. 26 Advisory Committee's Notes to 2000 amendment (Thomson Reuters 2019 ed.) (scope of Rule 26(a)(1) disclosure obligation "narrowed to cover only information that the disclosing party may use to support its position"). Obviously, plaintiffs may obtain information on passengers who witnessed the subject incident and whose information may support plaintiffs' claims by use of interrogatories in discovery, which is distinct from disclosure.

"A party who has made a disclosure under Rule 26(a) . . . must supplement . . . its disclosure . . . <u>as ordered by the court</u>." Fed. R. Civ. P. 26(e)(1)(B). Under the contentious and unsatisfactory circumstances in which the parties have conducted disclosure and discovery in this case to date, IT IS ORDERED that Delta defendants must determine expeditiously if they "may use" any of the passengers <u>to support</u> their defenses. Accordingly, plaintiffs' motion is granted insofar as its seeks to compel Delta defendants to supplement and certify their disclosures to state the names and contact information of passengers on the plane on the date of the subject incident, to the extent Delta defendants may use discoverable information gleaned from these passengers to support their defenses, subject to the following protective order, without further delay or equivocation.

IT IS ORDERED that Delta defendants may designate passenger information of the sort identified above as confidential and subject to this protective order. All such information must be clearly marked and maintained as confidential and used only for purposes of this litigation and must not be disclosed to anyone except parties to this litigation, court personnel, the parties' counsel of record, experts retained in connection

with this litigation, and testifying witnesses during depositions, trials or evidentiary hearings in open court. Except for court personnel, all persons to whom such information is disclosed must sign an affidavit that must be filed into the record, agreeing to the terms of the protective order and submitting to the jurisdiction of this court for enforcement of those terms. Confidential material may be submitted to the court only in strict compliance with Local Rule 5.6. Any party challenging the propriety of a confidentiality designation must do so by motion, noticed for hearing. If the parties seek to add other terms to this protective order, counsel must confer immediately and submit by motion any proposed agreed-upon protective order.

The sheriff defendants' disclosures are incomplete under the fourth subpart of Rule 26(a)(1)(A) because they make no reference as to any insurance agreement(s) that may provide satisfaction or indemnification for a potential judgment in this matter. Defendants argue that because they are self-insured and there are "no insurance documents to be inspected and/or copied," there is no need to reference or certify their self-insurance in initial disclosures. Record Doc. No. 101 at p. 2. However, self-insurance agreements are <u>not</u> exempt from disclosure under Rule 26(a)(1)(A), as the rule expressly allows for inspection and copying of "<u>any</u> insurance agreement by which a possible judgment may be satisfied." <u>W. Atlas Int'l, Inc. v. Adriatic, Inc.</u>, 1997 WL 732419, at *1 (E.D. La. Nov. 19, 1997) (emphasis in original); <u>see also</u> <u>Leonard v. LeBlanc</u>, 2015 WL 507902, at *8 (W.D. La. Feb. 6, 2015) (compelling State of Louisiana to produce its self-insurance policy administered by the Office of Risk Management).

As stated above, attorneys are required to sign all disclosures made under Rule 26(a)(1) to certify that they are complete and correct at the time made. The sheriff defendants' failure to reference the existence or lack of any insurance agreements that may satisfy a potential judgment in this matter assures neither plaintiffs nor this court that their disclosures are complete and correct. Therefore, plaintiffs' motion is granted insofar as it seeks to compel the sheriff defendants to supplement and certify their disclosures under Fed. R. Civ. P. 26(e) and (g) to state either that they have an insurance agreement or agreements that may satisfy or indemnify a potential judgment and make any such agreements available for copying and inspection, or that they have no insurance agreements of any kind that may satisfy or indemnify a potential judgment.

Delta defendants' disclosures are also incomplete under the fourth subpart of Rule 26(a)(1)(A). Delta defendants state in their initial disclosures merely that "Delta and Weems have adequate insurance coverage to satisfy any judgment that may be rendered against them in this case." Record Doc. No. 88-1 at p. 5. Delta defendants' disclosures are incomplete because they did not make the referenced insurance agreement or agreements available to plaintiffs for inspection and copying. Fed. R. Civ. P. 26(a)(1)(A)(iv). Accordingly, plaintiffs' motion is granted insofar as it seeks to compel to Delta defendants to supplement and certify their disclosures to state that defendants have an insurance agreement or agreements that may satisfy or indemnify a potential judgment and make any such agreements available to plaintiffs for copying and inspection.

Delta defendants' opposition memorandum states that the insurance agreement or agreements referenced in their disclosures "contain[] a variety of highly sensitive and proprietary information regarding Delta's and [the insurer's] premium calculations." Record Doc. No. 109 at p. 4. Defendants have provided no evidence of the commercial sensitivity of any applicable insurance agreements. However, to facilitate the progress of disclosure and discovery, IT IS ORDERED that Delta defendants may designate materials of the sort identified above as confidential and subject to the protective order referenced above. If any party challenges the propriety of the confidentiality designation, it may do so by motion noticed for submission, and the Delta defendants bear the burden of proving that their confidentiality designation is warranted.

All supplemental disclosures and related production of materials ordered herein must be provided by defendants to plaintiffs no later than **JUNE 3, 2019.**

If a motion to compel disclosure is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, the court must not order such payment if "the movant filed the motion before attempting in good faith to obtain the disclosure . . . without court action; the opposing party's nondisclosure, response, or objection was substantially justified; or other circumstances make an award of expenses unjust." Id.

Plaintiffs' motion is granted insofar as it seeks attorneys' fees against the sheriff defendants, based on their unjustified failure to provide information clearly required by Rule 26(a)(1)(A)(iv). Plaintiffs certify sufficiently in their memorandum in support of their motion that "they have conferred numerous times" with sheriff defendants' counsel to obtain the disclosures without court intervention. Record Doc. No. 89 at p. 1. In addition, these are the kinds of petty deficiencies that should have been easily cured by parties acting in good faith and in compliance with the clear requirements of the Rule. I find that five (5) hours of work by a junior partner or senior associate at a rate of $250 per hour, for a total of $1,250.00, is a reasonable fee incurred in connection with the subject motion. IT IS ORDERED that this award must be treated as an offset against the $1,260.00 plaintiffs were ordered to pay the sheriff defendants in connection with a previously filed motion to compel. Record Doc. No. 115. IT IS FURTHER ORDERED that no later than **JUNE 3, 2019**, counsel for plaintiffs and counsel for the sheriff defendants must meet in person to exchange the $10 balance owed to sheriff defendants, unless that amount is waived in writing in a display of civility and accommodation not heretofore apparent in this case.

Plaintiffs' motion is denied insofar as it seeks attorneys' fees against Delta defendants. Plaintiffs certify sufficiently in their memorandum in support of their motion that "they have conferred numerous times" with Delta defendants' counsel to obtain the disclosures without court intervention. Record Doc. No. 88 at p. 1. However, the motion is denied based on Delta defendants' justified objection to disclosing passenger information and insurance policies based on privacy concerns. Moreover, as discussed above, Delta

defendants' failure to disclose passenger names and contact information may well be substantially justified if this information does not support Delta defendants' defenses, but instead supports only plaintiffs' claims.

This matter was only recently allotted to me. However, it is apparent from my review of the record that counsel for all sides are waging disclosure and discovery in a nasty and childish manner that is inconsistent with the good faith requirements of Fed. R. Civ. P. 37(a)(1). See e.g. Record Doc. No. 84-2 at p. 1 (sheriff defendants' counsel to plaintiffs' counsel via email: "I had hoped that your responses would have shed some light on what witnesses you have to support your case & what facts they were going to testify to. You successfully worked around that, so I guess we will have to do it the hard way." "When you decide that you want to act civilly & lose that condescending attitude maybe we can begin to move the case forward."); id. at pp. 11, 18 (plaintiffs' counsel to Delta defendants' counsel via email: "To the extent that your email below is intended to convey sarcasm, please remove such a means of communication from future emails with me." "You have done everything you could to delay and hinder service . . . . You do not get to hold discovery hostage."); id. at pp. 10–12 (email exchange between plaintiffs' counsel and Delta defendants' counsel bickering over whether a particular email response by Delta's counsel was sincere or sarcastic).

Counsel are hereby placed on notice that I am dissatisfied with the manner in which they have communicated with each other and conducted disclosure and discovery to date. I consider the disputes brought before me so far to be mostly silly, but certainly of the type

that should have been resolved by good faith discussions and knowledgeable adherence to the Federal Rules of Civil Procedure. I will not permit discovery in this case to degenerate into a fee-generating battle between counsel who fail to act in a cooperative manner and then move to sanction each other seriatim. If counsel continue to conduct disclosure and discovery and communicate with each other in this unacceptable manner, the repercussions in terms of court supervision of counsel's discovery activities will not be pleasant.

New Orleans, Louisiana, this ___20th___ day of May, 2019.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE